J-S34030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JENNIFER LYNN NOTTINGHAM | |
| Appellant | No. 1910 MDA 2014 |

Appeal from the Judgment of Sentence October 30, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000117-2014

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                          **FILED JUNE 23, 2015**

Jennifer Lynn Nottingham appeals from the judgment of sentence entered on October 30, 2014, in the Court of Common Pleas of Lycoming County.  After a non-jury trial, Nottingham was found guilty of access device fraud, graded as a felony of the third degree.[1]  The trial court sentenced Nottingham to three years of probation, and ordered her to perform fifty hours of community service, and pay costs and restitution.[2]  Based on the following, we affirm.

---

[1] **See** 18 Pa.C.S. § 4106(a)(1)(ii). **See also** 18 Pa.C.S. § 4106(c)(1)(i), (c)(2).

[2] The trial court allowed for the termination of supervision after 2 years provided all restitution and costs were paid.

The trial court aptly summarized the facts in its Pa.R.A.P. 1925(a) opinion and we adopt its recitation. *See* Trial Court Opinion, 10/30/2014, at 3. On appeal, Nottingham challenges the sufficiency of the evidence to establish (1) that she committed access device fraud and (2) that she committed a course of conduct that supports the conviction and/or grading of the conviction as a third degree felony.[3] *See* Nottingham's Brief at 8.

At the outset, we state our standard of review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

_____

[3] Nottingham timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

*Commonwealth v. Nypaver*, 69 A.2d 708, 714 (Pa. Super. 2013) (citations omitted). Further, since the trial judge was sitting as fact finder, this Court defers to the trial judge's credibility determinations as the trial judge observes the witnesses' demeanor first hand. *Commonwealth v. Holton*, 906 A.2d 1246, 1250 (Pa. Super. 2006).

The trial judge stated when rendering his verdict:

The Court finds the testimony of Hattie Sciacca to be credible. Defendant had the opportunity to commit the crime as a result of a close relationship, the access to the house, the access to the vehicles.

The Court believes the testimony of Hattie Sciacca was also buttressed by Officer Bachman and Mr. Ritter's testimony matching up the August withdrawals with card 3908. Also, the verdict is supported by the Defendant's partial admission made to the police officers.

N.T., 10/30/2014, at 124-125. The trial judge, the Honorable Richard A. Gray, has provided a well-reasoned discussion in support of the verdict. *See* Trial Court Opinion ("Order Issued Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)"), 10/30/2014, at 2-4 (explaining the elements of the crime and the grading and the legal standard for sufficiency of the evidence; finding the evidence sufficient to establish the offense of access device fraud and a course of conduct where credible testimony showed Nottingham obtained $3,446.59 by using M & T Bank debit card ending with "3908", issued to Donnie Lee Schell and his fiancé Hattie Sciacca for their joint account, without permission, on numerous occassions).

Accordingly, we adopt the decision of the trial court as dispositive of the issues raised in this appeal.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015

---

[4] In the event of further proceedings, the parties are directed to attach a copy of the Trial Court Opinion, 10/30/2014.

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH : No. CR – 117-2014
:
v. : OTN: T 412217-1
:
JENNIFER NOTTINGHAM, :
Defendant : APPEAL / 1925 (a)

## O R D E R

### Issued Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)

This Court issues the following Order pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). On October 30, 2014, following a non-jury trial, the Court entered a verdict of Guilty against Defendant for access device fraud, graded as a felony of the third degree. The Court sentenced the Defendant to serve three years of probation, perform fifty hours of community service, and pay costs and restitution. The Court allowed for the potential for release from supervision after two years provided conditions were satisfactorily completed.

In her concise statement of matters complained of on appeal, Defendant raises two issues. First Defendant avers that there was insufficient evidence that the Defendant used the access device without permission "when the alleged victim testified that she had given Defendant permission on multiple occasions to use an access device to make withdrawals on the alleged victim's behalf." Second the Defendant avers that there is insufficient evidence to "establish a course of conduct to support ... the conviction and/or the grading as a felony."

This Court respectfully relies upon its Order entering verdict on October 30, 2014, its reasoning stated on the record, Notes of Testimony, October 30, 2014, (N.T.) at 124-125, and the following opinion in support of affirmance of the verdict in this case.

The evidence was sufficient to sustain the guilty verdict for access device fraud and to support the grading as a felony of the third degree. The evidence and all reasonable inferences are viewed in favor of the Commonwealth as verdict winner. Commonwealth v. Solano, 906

1

A.2d 1180, 1186 (Pa. 2006); Commonwealth v. Chapney, 832 A.2d 403, 408 (Pa. 2003). Furthermore, " the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. Commonwealth v. Valette, 613 A.2d 548 (Pa. 1992) (Citations omitted).Commonwealth v. Griscavage, 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986), *citing* Commonwealth v. Harper, 485 Pa. 572, 403 A.2d 536 (1979).

In the present case, Defendant was charged with access device fraud under 18 Pa.C.S. § 4106(a)(1)(ii) and found guilty. A person is guilty of access device fraud under 18 Pa.C.S. § 4106(a)(1)(ii) if she "uses an access device to obtain or in an attempt to obtain property or services with knowledge that:"… "the access device was issued to another person who has not authorized its use[.]" The grading of the offense depends on the value of property obtained. "[I]if the value involved was $ 500 or more, the offense constitutes a felony of the third degree[.]" 18 Pa.C.S. § 4106(c)(1)(i). "Amounts involved in unlawful use of an access device pursuant to a scheme or course of conduct, whether from the same issuer or several issuers, may be aggregated in determining the classification of the offense." 18 Pa.C.S. § 4106(c)(2).

After reviewing the evidence and observing the witnesses and the Defendant, the Court found that the evidence and all reasonable inferences were sufficient to establish that the Defendant used M & T debit cards issued to Donnie Lee Schell and his fiancé, Hattie Sciacca for their joint account without their permission. The Court further found that the evidence established that the Defendant obtained $3,446.59 worth of property, cash and services while using the debit card issued to Mr. Schell and Ms. Sciacca without permission. Specifically the Court found the following.

> The Court finds the testimony of Hattie Sciacca to be credible. Defendant had the opportunity to commit the crime as a result of a close relationship, the access to the house, the access to the vehicles.

2

The Court believes the testimony of Hattie Sciacca was also buttressed by Officer Bachman and Mr. Ritter's testimony matching up the August withdrawals with card 3908. Also, the verdict is supported by the Defendant's partial admission made to the police officers. N.T. at 124-125

Prior to deploying to Kuwait in 2013, Mr. Schell and his fiancé, Hattie Sciacca, obtained a joint account at M & T bank which they accessed through two cards. N.T. at 6. Mr. Schell credibly testified that he never gave the Defendant permission to use a card to access funds from the account. N.T. 10. While Ms. Sciacca acknowledged relying upon the Defendant for transportation and authorizing some transactions for which the Defendant was not charged, Ms. Sciacca credibly testified that she did not authorize or give permission to Defendant to use a debit card to obtain $3,446.59 worth of property, cash and services. Ms. Sciacca credibly went through each of the transactions at issue and testified that she did not authorize the Defendant to make those transactions. Ms. Sciacca acknowledged authorizing the card ending in 3330 for transactions which were not included among the transactions at issue and for which the Defendant was not charged. N.T. at 4. Ms. Sciacca credibly testified that the only card she gave permission for Defendant to use was the card ending with 3330 and that Ms. Sciacca did not ever authorize Defendant to use the card ending in 3908. N.T. 28; 29; 41. Yet, the Defendant was pictured using the 3908 card. Defendant knew the pin number for that card. Defendant had access to that card. Defendant had permission to use the van which was pictured for some transactions whereas Ms. Sciacca could not drive and Mr. Schell was deployed. Lastly, a significant portion of the charges relate to unauthorized transactions from the 3908 card which Defendant was never authorized to use. N.T. at 100.

The Defendant's statements to the police support the guilty verdict. Trooper Kenneth Davis credibly testified that Defendant admitted to using the card and taking $20 from a transaction without permission. N.T. at 94. Agent Bachman credibly testified that the Defendant

told him that she had permission to use a card to obtain funds out of the account about 3 to 4 times. N.T. 109 at 13-17. By contrast, Defendant was charged with unauthorized use of the card on numerous occasions, well beyond 3 to 4 times.

In light of the demeanor of the witnesses, the circumstantial evidence, the opportunity of the Defendant to use her close relationship to Ms. Sciacca, access to Ms. Sciacca's house and vehicle, and transactions involving card 3908 matching up with withdrawals, the Court found that Defendant was guilty beyond a reasonable doubt. N.T. at 124-125.

## Conclusion

For these reasons and for the reasons stated on the record and in this Court's previous Order issued on October 30, 2014, this Court respectfully requests that the verdict be affirmed.

BY THE COURT,

**February 5, 2015**
Date

Richard A. Gray, J.

cc:   District Attorney's Office (NI)
       Public Defender's Office (JB)
       (Superior Court & 1)